IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY DONNELL HEATH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-99-CV-2277-D |
| | § | |
| DUNCAN THOMAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Billy Donnell Heath, appearing *pro se*, has filed a motion to reinstate and reopen this case against all defendants. For the reasons stated herein, the motion should be treated as a Rule 60(b) motion and the relief requested should be denied.

I.

The facts of this case are set forth in prior opinions of the court. *See* Mag. J. Rec., 7/28/00, *adopted in part by* Order, 9/1/00; Mem. Op. & Order, 1/29/01. Succinctly stated, plaintiff was convicted on two counts of burglary of a habitation and two counts of sexual assault. Both victims were taken to a local hospital after the alleged offenses where they were examined by a doctor. Plaintiff also was compelled to give hair, blood, and saliva samples pursuant to a court order. At his trial, a doctor testified that one of the victims had not been raped because her vagina had not been penetrated. Tests revealed that the other victim had been sexually assaulted. Despite repeated requests, plaintiff was never provided with a copy of the hospital records or rape kits pertaining to the victims.

On October 6, 1999, plaintiff sued the state prosecutor, trial judge, court clerk, two police detectives, and his former attorney in federal district court for civil rights violations under 42 U.S.C. § 1983. The magistrate judge construed the complaint as a request for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and recommended that the case be summarily dismissed as frivolous. *See* Mag. J. Rec., 10/29/99.[1] Unable to conclude that plaintiff was seeking relief only under the FOIA, the district judge declined to the dismiss the case on that basis and re-referred the matter to the magistrate judge for further proceedings. Order, 11/23/99. After obtaining additional information from plaintiff suggesting that he also intended to raise a Fourteenth Amendment due process claim based on the prosecutor's failure to disclose exculpatory and impeachment evidence during his criminal trial, the magistrate judge recommended the dismissal of that based on *Heck v. Humphrey*, 512 U.S. 477 (1994). Mag. J. Rec., 12/28/99. The district judge adopted that recommendation in part, but allowed plaintiff to prosecute a section 1983 claim to the extent such claim was "based on defendants' *present* failure (not pre-conviction failure) to produce records of exculpatory evidence that would exonerate him." Order, 1/12/00 (emphasis in original). In light of this order, the magistrate judge instructed the clerk to issue process to all defendants and the case proceeded with respect to plaintiff's due process claim. Order, 1/21/00.

The state prosecutor, trial judge, court clerk, and two police detectives timely filed answers to plaintiff's complaint. However, plaintiff's former attorney, Teresa Hawthorne, failed to answer or otherwise appear. After rejecting a second recommendation for the summary dismissal of plaintiff's due process claim, the district judge ordered plaintiff to file an amended complaint in an attempt to plead a claim that was not barred by *Heck*. *See* Order, 9/1/00. Plaintiff filed an amended

---

[1] The FOIA does not apply to state or local governments. *See Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir. 1980).

complaint as ordered by the court and defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). The district judge granted the motions to dismiss, noting that plaintiff had not cited any case law or statute supporting his right to the post-conviction production of exculpatory evidence and that his other constitutional claims were *Heck*-barred. Mem. Op. & Order, 1/29/01.[2] A Rule 54(b) judgment dismissing all claims against the defendants, except Hawthorne, was entered on January 30, 2001. The judgment was affirmed on direct appeal. *Heath v. Thomas*, No. 01-10296 (5th Cir. Mar. 27, 2002). With respect to plaintiff's claims against Hawthorne, the court entered an interlocutory default judgment as to liability and ordered plaintiff to notify the court within 30 days after he is released from prison "so that the court can determine how to proceed with the balance of this case." *See* Order, 6/11/01. The case was administratively closed for statistical purposes on August 28, 2001.

On July 12, 2007, plaintiff filed the instant motion to reinstate and reopen this case against all defendants. It is clear from the motion that plaintiff does not seek to reopen the case so that he may prove-up damages against Hawthorne.[3] Rather, plaintiff wants the court to revisit its ruling dismissing his FOIA and due process claims against the other defendants so that he can obtain access to certain records and DNA evidence "to set the stage for a future attack on his confinement." (Plf. Mot. at 2).

II.

Because plaintiff filed this motion more than 10 days after entry of a final judgment dismissing his FOIA and due process claims, it must be treated as a Rule 60(b) motion for relief from

---

[2] The court also dismissed a defamation claim raised by plaintiff in his amended complaint. *See* Mem. Op. & Order, 1/29/01 at 5, ¶ IV.

[3] Plaintiff states that he is still in custody and will not be considered for parole until December 2009. (*See* Plf. Mot. at 2).

judgment. *See Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 606 (5th Cir. 2005) Under Rule 60(b), a district court may grant relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagra Machinery & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

None of the provisions of Rule 60(b) are even remotely implicated by plaintiff's motion. Plaintiff does not allege, much less prove, that the judgment dismissing his FOIA and due process claims was the result of mistake, inadvertence, surprise, or excusable neglect. Nor does plaintiff cite to any newly discovered evidence or allege fraud, misrepresentation, or other misconduct of an adverse party. The judgment is not void and was affirmed on direct appeal. To the extent plaintiff believes that "exceptional circumstances" warrant setting aside the judgment and reopening this case, there is no indication of what those "exceptional circumstances" might be. There simply is no basis in fact or law for Rule 60(b) relief.

## **RECOMMENDATION**

Plaintiff's motion to reinstate and reopen this case against all defendants [Doc. #127] should be treated as a Rule 60(b) motion and the relief requested should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE