```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

BILLY DONNELL HEATH,              §
                                  §
            Plaintiff,            §
                                  § Civil Action No. 3:99-CV-2277-D
VS.                               §
                                  §
DUNCAN THOMAS, et al.,            §
                                  §
            Defendants.           §
```

MEMORANDUM OPINION
AND ORDER

Plaintiff Billy Donnell Heath's ("Heath's") May 15, 2009 motion for relief from judgment pursuant to Rule 60(b)(1)-(3) & (6) is denied.

I

The facts of this case are set forth in prior opinions of the court and need not be repeated at length. *See* Mag. J. July 28, 2000 Rec., *adopted in part*, Sept. 1, 2000 (order), and Jan. 29, 2001 Mem. Op. & Order. Succinctly stated, Heath was convicted on two counts of burglary of a habitation and two counts of sexual assault. After the alleged offenses, both victims were taken to a local hospital where they were examined by a physician. Under a court order, Heath was compelled to give hair, blood, and saliva samples. At his trial, a physician testified that one of the victims had not been raped because her vagina had not been penetrated. Tests revealed that the other victim had been sexually assaulted. Despite repeated requests, Heath was never provided a copy of the hospital records or rape kits pertaining to the

victims.

In 1999 Heath filed suit in this court against the state prosecutor, the trial judge, the court clerk, two police detectives, and his former attorney, alleging civil rights violations remediable under 42 U.S.C. § 1983. The magistrate judge construed the complaint as a request for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and recommended that the case be summarily dismissed as frivolous. *See* Mag. J. Oct. 29, 1999 Rec.[1] The court declined to dismiss the case on this basis because it was unable to conclude that Heath was seeking relief only under the FOIA, and it re-referred the matter to the magistrate judge. Nov. 23, 1999 Order. After obtaining additional information from Heath that suggested that he also intended to raise a Fourteenth Amendment due process claim based on the prosecutor's failure to disclose exculpatory and impeachment evidence during his criminal trial, the magistrate judge recommended dismissal of that claim based on *Heck v. Humphrey*, 512 U.S. 477 (1994). Mag. J. Dec. 28, 1999 Rec. The court adopted that recommendation in part, but allowed Heath to prosecute a § 1983 claim to the extent it was "based on defendants' *present* failure (not pre-conviction failure) to produce records of exculpatory evidence that would exonerate him." Jan. 12, 2000

---

[1]FOIA does not apply to state or local governments. *See Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir. 1980).

Order.  In light of this order, the magistrate judge instructed the clerk to issue process to all defendants, and the case proceeded on Heath's due process claim.  *See* Mag. J. Jan. 21, 2000 Order.

The state prosecutor, trial judge, court clerk, and two police detectives timely filed answers to Heath's complaint.  Heath's former attorney, Teresa Hawthorne, Esquire ("Hawthorne"), failed to answer or otherwise appear.  After rejecting a second recommendation for the summary dismissal of Heath's due process claim, the court ordered Heath to file an amended complaint in an attempt to plead a claim that was not *Heck*-barred.  *See* Sept. 1, 2000 Order.  After Heath filed an amended complaint, defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6).  The court granted the motions, noting that Heath had not cited any case law or statute supporting his right to the post-conviction production of exculpatory evidence, and that his other constitutional claims were *Heck*-barred.  *See* Jan. 29, 2001 Mem. Op. & Order.[2]  The court filed a Rule 54(b) final judgment dismissing all claims against all defendants except Hawthorne.  The judgment was affirmed on appeal. *Heath v. Thomas*, 34 Fed. Appx. 962, 2002 WL 663720 (5th Cir. Mar. 27, 2002).  With respect to Heath's claims against Hawthorne, the court entered an interlocutory default judgment as to liability and ordered Heath to notify the court within 30 days after he is

---

[2]The court also dismissed a defamation claim raised by plaintiff in his amended complaint.  *See* Jan. 29, 2001 Mem. Op. & Order.

released from prison "so that the court can determine how to proceed with the balance of this case." *See* June 11, 2001 Order. The case was administratively closed for statistical purposes on August 28, 2001.

On July 12, 2007 Heath filed a motion to reinstate and reopen the case against all defendants. The court construed the motion as one seeking relief under Rule 60(b) and denied it. *See Heath v. Thomas*, 2007 WL 2229056, at *1 (N.D. Tex. Jul. 31, 2007). As the magistrate judge observed in recommending the denial of the motion, "[n]one of the provisions of Rule 60(b) are even remotely implicated by plaintiff's motion." *Id.* at *3. Over eight years after the original Rule 54(b) final judgment of dismissal, Heath now returns to this court with a second Rule 60(b) motion.

II

Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)

(quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

In the instant motion, Heath purports to present "new evidence" that defendants Duncan Thomas ("Thomas"), the state prosecutor, and Janie Simpson ("Simpson") and Mike Johnston ("Johnston"), the two police detectives, are in possession of some of the *Brady* material he originally sought in this lawsuit. He also asserts that Thomas and Simpson "lied" in their motion to dismiss his amended complaint when they represented that no exculpatory evidence or laboratory reports relevant to one of the sexual assaults existed. He contends that the alleged deceit of these three defendants constituted "fraud, misrepresentation, and misconduct of the adverse parties." P. Mot. 25. In support of this claim, Heath attaches laboratory reports dating from between October 1990 to January 1991, which his sister received in response to a request for records submitted to the Texas Department of Public Safety. Heath apparently believes the existence of these reports proves that defendants Thomas, Simpson, and Johnston withheld evidence in their possession at the time of his trial and

are continuing to do so.

By these claims, Heath is clearly attempting to show that he is entitled to relief from judgment based on the discovery of "newly discovered evidence" pursuant to Rule 60(b)(2) and/or "fraud...misrepresentation, or misconduct by an opposing party" pursuant to Rule 60(b)(3). Even if his allegations are true, however, they do not support a claim for relief from the judgment. The Fifth Circuit upheld this court's judgment that Heath's claims against Thomas, Simpson, and Johnston were *Heck*-barred on the ground that Heath failed to show "that he has a right to the allegedly withheld evidence that is cognizable under 28 U.S.C. § 1983." *Heath*, 2002 WL 663720, at *1. Even assuming that Heath's attached exhibits constitute proof that evidence was withheld at the time of trial and that Thomas, Simpson, and Johnston lied about the existence of the evidence, nothing about the "new evidence" or the defendants' alleged misconduct would alter the court's conclusion that his claims are barred by *Heck*. The *Heck*-bar will apply until he can show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heath seeks relief in the alternative under Rule 60(b)(1), contending that the judgment "was the result of a mistake or

excusable neglect." P. Mot. 26. Heath appears to argue that the court erred in determining that his claims are *Heck*-barred despite the fact that the Ninth and Eleventh Circuits have held that *Heck* does not preclude a § 1983 action seeking to compel a state to release biological evidence for DNA testing. The court notes initially that its failure to follow decisions of the Ninth and Eleventh Circuits could not have constituted "mistake or excusable neglect" because, assuming that either was binding on this court, neither had been decided at the time the court entered its final judgment in January 2001. More important, the Fifth Circuit has held that a claim to compel the release of biological evidence for DNA testing is only cognizable in a habeas corpus action and may not be brought as a § 1983 action. *See Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002); *see also Summers v. Eidson*, 206 Fed. Appx. 321, 322-23 (5th Cir. Oct. 25, 2006) (per curiam) (extending *Kutzner* to foreclose § 1983 action seeking declaratory judgment requiring post-conviction disclosure of *Brady* evidence in form of parole records). In light of this binding precedent, it would be error to grant Heath relief based on decisions of other circuits that are inconsistent with the law of this circuit. *See Gilkey v. Livingston*, 2007 WL 1953456, at *6 n.3 (N.D. Tex. Jun. 27, 2007) (noting disagreement between Ninth and Eleventh Circuits, on one hand, and Fifth Circuit on the other, but following binding Fifth Circuit case law holding that *Heck*

- 7 -

precludes § 1983 actions seeking biological evidence for DNA testing).[3]

\* \* \*

Accordingly, Heath's May 15, 2009 motion for relief from judgment pursuant to Rule 60(b)(1)-(3) & (6) is denied.

**SO ORDERED.**

July 9, 2009.

                        SIDNEY A. FITZWATER
                        CHIEF JUDGE

---

[3]Although the Supreme Court recently granted certiorari on this "difficult" issue, it ultimately declined to resolve it. *See Dist. Attorney's Office v. Osborne*, ___ U.S. ___, 129 S.Ct. 2308, 2318-19 (2009). Therefore, the Fifth Circuit's holding remains binding on this court.

- 8 -