IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLY DONNELL HEATH,          §
                              §
          Plaintiff,          §
                              §
V.                            §          No. 3:99-cv-2277-D
                              §
DUNCAN THOMAS, ET AL.,        §
                              §
          Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this closed civil rights action, Plaintiff Billy Donnell Heath filed what the
Court has construed as a motion titled Plaintiff Written Pleading [Dkt. No. 142], which
concerns an interlocutory default judgment as to liability that was entered on June 11,
2001 (the "Motion"). Senior United States District Judge Sidney A. Fitzwater referred
the Motion to the undersigned United States magistrate judge for recommendation or
determination under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 143. And the undersigned
enters these findings of fact, conclusions of law, and recommendation that, construing
the Motion as made under Federal Rule of Civil Procedure 54(b), the Court should deny
the Motion.

**Applicable Background, Legal Standards, and Analysis**

Applicable to the Motion, the Court previously explained that,

[s]uccinctly stated, Heath was convicted on two counts of burglary of a
habitation and two counts of sexual assault. After the alleged offenses,
both victims were taken to a local hospital where they were examined by
a physician. Under a court order, Heath was compelled to give hair, blood,

-1-

and saliva samples. At his trial, a physician testified that one of the victims had not been raped because her vagina had not been penetrated. Tests revealed that the other victim had been sexually assaulted. Despite repeated requests, Heath was never provided a copy of the hospital records or rape kits pertaining to the victims.

In 1999 Heath filed suit in this court against the state prosecutor, the trial judge, the court clerk, two police detectives, and his former attorney, alleging civil rights violations remediable under 42 U.S.C. § 1983. The magistrate judge construed the complaint as a request for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and recommended that the case be summarily dismissed as frivolous. *See* Mag. J. Oct. 29, 1999 Rec. The court declined to dismiss the case on this basis because it was unable to conclude that Heath was seeking relief only under the FOIA, and it re-referred the matter to the magistrate judge. Nov. 23, 1999 Order. After obtaining additional information from Heath that suggested that he also intended to raise a Fourteenth Amendment due process claim based on the prosecutor's failure to disclose exculpatory and impeachment evidence during his criminal trial, the magistrate judge recommended dismissal of that claim based on *Heck v. Humphrey*, 512 U.S. 477 (1994). Mag. J. Dec. 28, 1999 Rec. The court adopted that recommendation in part, but allowed Heath to prosecute a § 1983 claim to the extent it was "based on defendants' present failure (not pre-conviction failure) to produce records of exculpatory evidence that would exonerate him." Jan. 12, 2000 Order. In light of this order, the magistrate judge instructed the clerk to issue process to all defendants, and the case proceeded on Heath's due process claim. *See* Mag. J. Jan. 21, 2000 Order.

The state prosecutor, trial judge, court clerk, and two police detectives timely filed answers to Heath's complaint. Heath's former attorney, Teresa Hawthorne, Esquire ("Hawthorne"), failed to answer or otherwise appear. After rejecting a second recommendation for the summary dismissal of Heath's due process claim, the court ordered Heath to file an amended complaint in an attempt to plead a claim that was not *Heck*-barred. *See* Sept. 1, 2000 Order. After Heath filed an amended complaint, defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). The court granted the motions, noting that Heath had not cited any case law or statute supporting his right to the post-conviction production of exculpatory evidence, and that his other constitutional claims were *Heck*-barred. *See* Jan. 29, 2001 Mem. Op. & Order. The court filed a Rule 54(b) final judgment dismissing all claims against all defendants except Hawthorne. The judgment was affirmed on appeal. *Heath v. Thomas*, 34 Fed. App'x 962, 2002 WL 663720 (5th Cir. Mar. 27, 2002). With respect to Heath's claims against Hawthorne, the court entered an interlocutory

-2-

default judgment as to liability and ordered Heath to notify the court within 30 days after he is released from prison "so that the court can determine how to proceed with the balance of this case." *See* June 11, 2001 Order. The case was administratively closed for statistical purposes on August 28, 2001.

*Heath v. Thomas*, No. 3:99-cv-2277-D, 2009 WL 1979357, at *1 (N.D. Tex. July 9, 2009) (footnotes omitted).

The Court's June 11, 2001 Order provides that Heath, more than 17 years ago, "advised the court that he projects that his release date is September 2001." Dkt. No. 120 at 1. And, after advising Heath that it would take no action on the interlocutory default judgment at that time, the Court instructed Heath that, "[i]f [he] is not released, as he projects, in September 2001, he must advise the court in writing no later than October 15, 2001 of his projected release date from prison." *Id.* at 1-2; *see also* Dkt. No. 121 (Aug. 28, 2001 Order) at 2 ("No later than 30 days from the date that he is released, if Heath still desires to pursue his action against Hawthorne, he must advise the court in writing of his release and must provide the clerk of court his current mailing address. The court will then reopen the case statistically and enter an appropriate order for adjudication of the default in question.").

Heath twice unsuccessfully challenged the Rule 54(b) final judgment under Federal Rule of Civil Procedure 60(b). *See* Dkt. Nos. 127, 128, 129, 130, 131, 133, 134, 135, & 136.

Now, through the Motion, Heath – still incarcerated – appears to shift his focus to the interlocutory default judgment as to Hawthorne and requests that the Court reconsider its earlier determination that it would take no action on that judgment until

-3-

Heath is released from prison. *See generally* Dkt. No. 142. Recognizing that he may not be released until 2031, *see id.* at 2, Heath requests that the Court now "schedule a hearing to determine the amount of damages against Hawthorne," *id.* at 3.

Generally, "[a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Given that the Motion was filed more than 17 years after the Court entered the June 11, 2001 Order, Rule 59(e) clearly does not apply. And,

> "[b]y its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order." *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985). "Interlocutory orders," such as [the default judgment as to Hawthorne], "are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *Id.*; *see also Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (noting that an "interlocutory order" is "not subject to being vacated under Rule 60(b)").

*McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (footnote omitted).

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

And that rule provides that, in a case involving multiple claims or parties, "any order or other decision, however designated, that adjudicates fewer than all the claims

or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995)).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear ... [s]uch a motion requires the Court to determine whether reconsideration is necessary under the circumstances." *Texas v. United States*, ___ F. Supp. 3d ___, No. 7:15-cv-151-O, 2018 WL 4271450, at *2 (N.D. Tex. Aug. 21, 2018) (quoting *Dallas Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014)).

Even applying Rule 54(b)'s flexible standard, Heath has not shown that the current circumstances (most notably, his continued incarceration) necessitate – nor do the interests of justice require – that the Court reconsider its previous determination not to act on the interlocutory default judgment until Heath's release from prison. The Court should therefore deny the Motion.

## Recommendation

The Court should construe Plaintiff Billy Donnell Heath's Plaintiff Written

Pleading [Dkt. No. 142] as a motion under Federal Rule of Civil Procedure 54(b) and deny that motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 28, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE