IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY DONNELL HEATH, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:99-CV-2277-D |
| VS. | § |
| | § |
| DUNCAN THOMAS, et al., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this statistically closed civil rights action, the court referred to the United States Magistrate Judge the determination of a motion entitled "Plaintiff Written Pleading," filed by plaintiff Billy Donnell Heath ("Heath") on November 8, 2018. The magistrate judge has construed the motion as made under Fed. R. Civ. P. 54(b) and recommends that the court deny it. After an independent review of the record, the court agrees that the motion should be denied—but on a different rationale and without prejudice. The court therefore does not adopt the magistrate judge's findings, conclusions, and recommendations, except to the extent set out below, in accordance with the following reasoning.

I

The facts of this case are set forth in prior opinions of the court and need not be repeated at length. *See, e.g., Heath v. Thomas (Heath II)*, 2009 WL 1979357 (N.D. Tex. July 9, 2009) (Fitzwater, C.J.); *Heath v. Thomas (Heath I)*, 2007 WL 2229056 (N.D. Tex. July 31, 2007) (Fitzwater, J.) (adopting findings and recommendation of the United States

Magistrate Judge). Heath was convicted on two counts of burglary of a habitation and two counts of sexual assault. After the alleged offenses, both victims were taken to a local hospital where they were examined by a physician. Under a court order, Heath was compelled to give hair, blood, and saliva samples. At his trial, a physician testified that one of the victims had not been raped because her vagina had not been penetrated. Tests revealed that the other victim had been sexually assaulted. Despite repeated requests, Heath was never provided a copy of the hospital records or rape kits pertaining to the victims.

In 1999 Heath filed this lawsuit against the state prosecutor, the trial judge, the court clerk, two police detectives, and his former attorney, alleging civil rights violations remediable under 42 U.S.C. § 1983. Upon referrals to and recommendations from the magistrate judge, the court dismissed Heath's claims in part, but allowed Heath to prosecute a § 1983 claim to the extent it was "based on defendants' *present* failure (not pre-conviction failure) to produce records of exculpatory evidence that would exonerate him." Jan. 12, 2000 Order. In light of this order, the magistrate judge instructed the clerk of court to issue process to all defendants, and the case proceeded on Heath's due process claim. *See* Mag. J. Jan. 21, 2000 Order.

The state prosecutor, the trial judge, the court clerk, and two police detectives timely filed answers to Heath's complaint. Heath's former attorney, Teresa Hawthorne, Esquire ("Hawthorne"), failed to answer or otherwise appear. After rejecting a second recommendation for the summary dismissal of Heath's due process claim, the court ordered Heath to file an amended complaint in an attempt to plead a claim that was not barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Sept. 1, 2000 Order. After Heath filed an amended complaint, defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). The court granted the motions, noting that Heath had not cited any case law or statute supporting his right to the post-conviction production of exculpatory evidence, and that his other constitutional claims were *Heck*-barred. *See* Jan. 29, 2001 Mem. Op. & Order.[1] The court issued a Rule 54(b) final judgment dismissing all claims against all defendants except Hawthorne. The judgment was affirmed on appeal. *Heath v. Thomas*, 34 Fed. Appx. 962 (5th Cir. 2002) (per curiam).

With respect to Heath's claims against Hawthorne, Heath moved for default judgment on December 18, 2000 and requested entry of default on January 9, 2001. The clerk of court entered a default as to Hawthorne on January 18, 2001. And on the same day, the court granted Heath's motion for default judgment and entered an interlocutory default judgment as to Hawthorne's liability. Later that month, the court ordered Heath to notify the court of the date he projected that he would be released from prison so that the court could determine how to proceed with the balance of this case. Heath informed the court that he was eligible for parole in September 2001. In June 2001, Heath submitted a request for information concerning the status of his case, particularly as it related to his interlocutory default judgment against Hawthorne. The court—proceeding under the advisement that Heath might be released in September 2001—determined that it would not set a hearing on Heath's

---

[1]The court also dismissed a defamation claim raised by plaintiff in his amended complaint. *See* Jan. 29, 2001 Mem. Op. & Order.

interlocutory default judgment until he was released from custody. In response to the court's order, Heath advised the court that his updated projection for release was September 2003. Because the court did not intend to take further action regarding Heath's interlocutory default judgment until he was released form prison, the case was administratively closed for statistical purposes on August 28, 2001.

Since 2001, Heath has twice—in 2007 and in 2009—unsuccessfully challenged the Rule 54(b) final judgment under Rule 60(b). *See Heath II*, 2009 WL 1979357, at *1-3; *Heath I*, 2007 WL 2229056, at *1.

On November 8, 2018—while still incarcerated in state prison—Heath filed the instant "Plaintiff Written Pleading" in which he requests that the court set a hearing on his interlocutory default judgment to determine the amount of damages against Hawthorne. The court referred the motion to the United States Magistrate Judge for a report and recommendation. The magistrate judge recommends that the court construe the motion as made under Rule 54(b) and deny it on the basis that Heath did not show that the current circumstances necessitate, or the interests of justice require, reconsideration of the court's previous determination. The magistrate judge noted Heath's continued incarceration, in particular, as the reason that the current circumstances do not necessitate reconsideration. Heath objects to the magistrate judge's findings and recommendation. The matter is now before the court for *de novo* review.

II

A

"Because the court's interlocutory . . . decision did not result in a final judgment, [Rule] 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.) (addressing discovery ruling). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "Such a motion requires the Court to determine whether reconsideration is necessary under the circumstances." *Dallas County v. MERSCORP, Inc.*, 2 F.Supp.3d 938, 950 (N.D. Tex. 2014) (O'Connor, J.) (citation and internal quotation marks omitted), *aff'd sub nom. Harris County v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015).

B

By his written pleading, Heath has informed the court that he has yet to be released from prison and that his anticipated release date is now September 2031 (his maximum sentence). As a result of his continued incarceration, Heath requests that the court set a hearing date prior to his release to determine the amount of damages that should be awarded against Hawthorne. In effect, Heath's written pleading is a motion for reconsideration pursuant to Rule 54(b) because he asks the court to reconsider its earlier determination that

it would take no action on the interlocutory default judgment until Heath is released from prison.

Because Heath is still incarcerated, it would be necessary for the court to issue a writ of *habeas corpus ad testificandum* in order for Heath to be allowed to be present in court and testify as to his damages. "A district court has the power to procure a prisoner's presence and testimony through issuance of the writ of *habeas corpus ad testificandum*." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977) (citing 18 U.S.C. § 2241(c)(5))). "Whether to issue the writ rests within the sound discretion of the district court." *Id.* (citing *Ballard*, 557 F.2d at 480).

The court has not found Fifth Circuit precedent discussing a state prisoner's right to be present for an evidentiary hearing in a case that is unrelated, say, to an action seeking federal habeas relief. In the civil trial context, however, the Fifth Circuit has explained that "a prisoner has no constitutional right to be present, or to testify, at his own civil trial." *Id.* The same must be said of a prisoner's right to be present, or to testify, at a hearing for civil damages. But the Fifth Circuit has also made it clear that "the district court may not summarily exclude a prisoner-plaintiff from the trial of his civil rights lawsuit." *Id.* Instead, the district court must consider factors such as "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* (quoting *Ballard*, 557 F.2d at 480).

Before grappling with the questions whether reconsideration of its prior order is necessary and whether a writ of *habeas corpus ad testificandum* is justified in this case, the court orders Heath to specifically detail the damages to which he believes he is entitled. He must do this by filing a written response within 28 days of the date this memorandum opinion and order is filed. Heath did not claim or detail any compensatory damages in his amended complaint. And his November 8, 2018 written pleading suggests that he may be seeking an amount that "is a liquidated sum or one capable of mathematical calculation," which would eliminate the need for a hearing.[2] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing," but the rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation.").

The court thus denies Heath's request for the court to reconsider its prior order and set a hearing on damages, without prejudice to its being reasserted in the event Heath's damages are in fact unliquidated. *See Taylor v. Slatkin*, 2003 WL 21104918, at *1-2 (N.D. Tex. May 13, 2003) (Ramirez, J.) (denying plaintiff's petition for writ of *habeas corpus ad testificandum* without prejudice where the court determined that all pending motions could be resolved without a hearing).

---

[2]The court makes this observation based upon Heath's assertions that he has spent "at least $10,000 in fees to hire private investigators" and "over $200 dollars in postage and copying costs associated with this suit plus a $400 dollar filing fee." P. Written Pl. 2-3.

\* \* \*

For the reasons explained, the court denies without prejudice Heath's request for reconsideration. The court further orders Heath to file a written response in which he details the damages he is claiming. The response must be filed within 28 days of the date this memorandum opinion and order is filed.

The court directs the clerk of court to send defendant Teresa Hawthorne, Esquire a copy of this memorandum opinion and order via U.S. Mail to P.O. Box 670844, Dallas, Texas 75367, and via email to tjhattorney@aol.com.

**SO ORDERED**.

February 13, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE