IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY DONNELL HEATH, § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:99-CV-2277-D | |
| VS. § | |
| § | |
| DUNCAN THOMAS, et al., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this statistically closed civil rights action, plaintiff Billy Donnell Heath ("Heath") moves under Fed. R. Civ. P. 60(b)(6) for reconsideration of the court's dismissal of Heath's amended complaint. For the reasons that follow, the court denies the motion.

I

The facts of this case are set forth in prior opinions of the court and need not be repeated at length. *See, e.g., Heath v. Thomas (Heath II)*, 2009 WL 1979357 (N.D. Tex. July 9, 2009) (Fitzwater, C.J.); *Heath v. Thomas (Heath I)*, 2007 WL 2229056 (N.D. Tex. July 31, 2007) (Fitzwater, J.) (adopting findings and recommendation of the United States Magistrate Judge). Heath was convicted on two counts of burglary of a habitation and two counts of sexual assault. After the alleged offenses were committed, both victims were taken to a local hospital where they were examined by a physician. Under a court order, Heath was compelled to give hair, blood, and saliva samples. At his trial, a physician testified that one of the victims had not been raped because her vagina had not been penetrated. Tests revealed

that the other victim had been sexually assaulted. Despite repeated requests, Heath was never provided a copy of the hospital records or rape kits pertaining to the victims.

In 1999 Heath filed this lawsuit against the state prosecutor, the trial judge, the court clerk, two police detectives, and his former attorney, alleging civil rights violations remediable under 42 U.S.C. § 1983. Upon referrals to and recommendations from the magistrate judge, the court dismissed Heath's claims in part, but allowed Heath to prosecute a § 1983 claim to the extent it was "based on defendants' *present* failure (not pre-conviction failure) to produce records of exculpatory evidence that would exonerate him." Jan. 12, 2000 Order. In light of this order, the magistrate judge instructed the clerk of court to issue process to all defendants, and the case proceeded on Heath's due process claim. *See* Mag. J. Jan. 21, 2000 Order.

The state prosecutor, the trial judge, the court clerk, and two police detectives timely filed answers to Heath's complaint. Heath's former attorney, Teresa Hawthorne, Esquire ("Hawthorne"), failed to answer or otherwise appear. After rejecting a second recommendation for the summary dismissal of Heath's due process claim, the court ordered Heath to file an amended complaint in an attempt to plead a claim that was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Sept. 1, 2000 Order. After Heath filed an amended complaint, defendants moved to dismiss under Rule 12(b)(6). The court granted the motions, noting that Heath had not cited any case law or statute supporting his right to the post-conviction production of exculpatory evidence, and that his other constitutional

claims were *Heck*-barred. *See* Jan. 29, 2001 Mem. Op. & Order.[1] The court issued a Rule 54(b) final judgment dismissing all claims against all defendants except Hawthorne.[2] The judgment was affirmed on appeal. *Heath v. Thomas*, 34 Fed. Appx. 962 (5th Cir. 2002) (per curiam).

Since 2001, Heath has twice—in 2007 and in 2009—unsuccessfully challenged the Rule 54(b) final judgment under Rule 60(b). *See Heath II*, 2009 WL 1979357, at *1-3; *Heath I*, 2007 WL 2229056, at *1. Heath now returns to this court with a third Rule 60(b) motion.

II

A

Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary

---

[1] The court also dismissed a defamation claim that plaintiff asserted in his amended complaint. *See* Jan. 29, 2001 Mem. Op. & Order.

[2] Heath has since obtained an interlocutory default judgment as to Hawthorne's liability. *See Heath v. Thomas*, 2019 WL 580671, at *2 (N.D. Tex. Feb. 13, 2019). By separate order today, the court addresses Heath's request for the court to reconsider its prior order regarding the interlocutory default judgment and to set a hearing on damages.

circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

B

In the instant motion—as in the 2009 motion for reconsideration—Heath relies on cases from outside the Fifth Circuit to support his Rule 60(b)(6) motion: *Osborne v. District Attorney's Office for Third Judicial District*, 521 F.3d 1118 (9th Cir. 2008), *rev'd and remanded*, 557 U.S. 52 (2009),[3] and *Phelps v. Alameida,* 569 F.3d 1120 (9th Cir. 2009). In 2009 Heath argued that the court should not have deemed his claims *Heck*-barred because the Ninth Circuit has held that *Heck* does not preclude a § 1983 action seeking to compel a state to release biological evidence of DNA testing. *See Heath II*, 2009 WL 1979357, at *3. Heath now maintains that the court erred in determining that his claims are *Heck*-barred

---

[3]The court notes that the Supreme Court of the United States reversed the Ninth Circuit's holding in *Osborne* that the State had an obligation to comply with the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), in the postconviction context, and held that "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided," *Osborne*, 557 U.S. at 69. Heath has made no mention of, or showing as to, the State of Texas' postconviction relief procedures.

"because the district court incorrectly applied a per se rule to reject Heath's Amended Complaint . . . rather than evaluating the specific circumstances of Heath's case." P. Mot. 3.

In the time since the court's 2009 decision, there has been an intervening change in the law that is binding upon this court. In *Skinner v. Switzer*, 562 U.S. 521 (2011), the Supreme Court of the United States abrogated a case that this court had relied on in denying Heath's 2009 Rule 60(b) motion: *Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002). In *Skinner* the Court recognized that "a postconviction claim for DNA testing is properly pursued in a § 1983 action." *Skinner*, 562 U.S. at 525. This recognition—unlike the Ninth Circuit's pronouncement in *Osborne*—abrogated Fifth Circuit precedent that had required that such a claim be pursued in a habeas corpus action. But even assuming that Heath had cited *Skinner*, the case does not alone constitute "case law supporting [Heath's] right to post-conviction production of exculpatory evidence and records." P. Mot. 2.

Indeed, *Skinner* does not stand for the proposition that parties are automatically entitled to post-conviction production of exculpatory evidence and records. In fact, *Skinner* explicitly states that it does not alter the rule that *Brady* claims are outside the province of § 1983—those claims must still be pursued in a habeas corpus action. *See Skinner*, 562 U.S. at 536-37 ("Nor do we see any cause for concern that today's ruling will spill over to claims relying on *Brady*[.]"). Moreover, this court did not summarily grant defendants' motion to dismiss simply because it was a post-conviction claim for exculpatory evidence pursued in a § 1983 action. Rather, the court explained that "Texas state law limits the release of such

records" and that Heath did not "provide the court with any legal authority for the viability of a right to the post-conviction production of exculpatory evidence." Jan. 29, 2001 Mem. Op. & Order. Heath's instant motion does not address these rationales for dismissal, cite binding (or persuasive) case law that suggests that these rationales are incorrect, or otherwise suggest that "extraordinary circumstances" are present that justify relief under Rule 60(b)(6).

* * *

Accordingly, for the reasons explained, Heath's April 23, 2019 motion for relief from judgment pursuant to Rule 60(b)(6) is denied.

**SO ORDERED**.

August 9, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE