IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY DONNELL HEATH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:99-CV-2277-D |
| VS. | § | |
| | § | |
| DUNCAN THOMAS, et al., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this statistically closed civil rights action, the court denied without prejudice plaintiff Billy Donnell Heath's ("Heath's") request for the court to reconsider its prior order and set a hearing on damages. *See Heath v. Thomas (Heath III)*, 2019 WL 580671, at *1, 3 (N.D. Tex. Feb. 13, 2019) (Fitzwater, J.). For the reasons that follow, the court modifies its denial of Heath's request for reconsideration and declines to set a hearing on damages at this time.

I

The relevant background facts and procedural history of this case are set out in *Heath III*, 2019 WL 580671, at *1-2. In *Heath III* the court directed Heath to file a response in which he detailed the damages he is seeking. *Id.* at *3. Heath's response shows that his damages are in part unliquidated. Thus the court revisits Heath's request for reconsideration and a hearing in the instant opinion pursuant to its inherent procedural power.

II

A

"Because the court's interlocutory . . . decision did not result in a final judgment, [Rule] 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.) (addressing discovery ruling). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "Such a motion requires the Court to determine whether reconsideration is necessary under the circumstances." *Dallas County v. MERSCORP, Inc.*, 2 F.Supp.3d 938, 950 (N.D. Tex. 2014) (O'Connor, J.) (citation and internal quotation marks omitted), *aff'd sub nom. Harris County v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015).

B

By his November 2018 written pleading, Heath informed the court that he has yet to be released from prison and that his anticipated release date is now September 2031 (his maximum sentence). As a result of his continued incarceration, Heath requests that the court set a hearing date prior to his release to determine the amount of damages that should be

awarded against his former attorney, Teresa Hawthorne, Esquire ("Hawthorne").[*] As the court described in *Heath III*, Heath's written pleading is in effect a motion for reconsideration pursuant to Rule 54(b) because he asks the court to reconsider its earlier determination that it would take no action on the interlocutory default judgment until Heath is released from prison. *Heath III*, 2019 WL 580671, at *2.

Because Heath is still incarcerated, it would be necessary for the court to issue a writ of *habeas corpus ad testificandum* in order for Heath to be present in court and testify as to his damages. "A district court has the power to procure a prisoner's presence and testimony through issuance of the writ of *habeas corpus ad testificandum*." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977) (citing 18 U.S.C. § 2241(c)(5))). "Whether to issue the writ rests within the sound discretion of the district court." *Id.* (citing *Ballard*, 557 F.2d at 480).

The court has not found Fifth Circuit precedent discussing a state prisoner's right to be present for an evidentiary hearing in a case that is unrelated, say, to an action seeking federal habeas relief. In the civil trial context, however, the Fifth Circuit has explained that "a prisoner has no constitutional right to be present, or to testify, at his own civil trial." *Id.* The same must be said of a prisoner's right to be present, or to testify, at a hearing to prove damages in civil lawsuit. But the Fifth Circuit has also made it clear that "the district court may not summarily exclude a prisoner-plaintiff from the trial of his civil rights lawsuit." *Id.*

---

[*]Heath obtained an interlocutory default judgment against Hawthorne in January 2001. *See Heath III*, 2019 WL 580671, at *2.

Instead, the district court must consider factors such as "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* (quoting *Ballard*, 557 F.2d at 480).

Now considering these factors, the court declines to issue a writ of *habeas corpus ad testificandum*. First, although Heath's presence may further resolution of the case, the court does not find that the case needs be resolved at this time. Heath's case is unlike, for example, a civil rights lawsuit that is proceeding to trial on a set date. Here, Heath already has obtained a default judgment against Hawthorne and he has not presented the court with a compelling reason as to why the damages question must be resolved at this time. Heath does not suggest that any prejudice will occur to his cause if it is stayed until his release from prison. The statute of limitations is not running, so Heath will be able to request his damages hearing upon his release from state prison. And he has not shown that he is more likely to collect his default judgment while in state custody rather than after his release.

Second, the security risks presented by Heath's presence and the expense of his transportation and safekeeping weigh against setting a hearing and issuing a writ of *habeas corpus ad testificandum*. As an incarcerated felon, Heath "plainly poses some risk." *Jackson v. Collins*, 2007 WL 1671729, at *2 (E.D. Tex. June 8, 2007). And because the court would have to issue the writ so that Heath's custodian can transport and produce him for a hearing on damages, Heath's presence would pose a significant and unjustifiable expense to the state.

*See id.* Heath's default judgment is against his private attorney, not against the State of Texas itself, yet it is the state that would incur the expense of transporting him to Dallas and guarding him while he is here.

Thus weighing all the factors and circumstances before it, the court denies Heath's request for the court to reconsider its prior order and set a hearing on damages.

\* \* \*

For the reasons explained, the court denies Heath's request for reconsideration.

**SO ORDERED**.

August 9, 2019.

                                      SIDNEY A. FITZWATER
                                      SENIOR JUDGE